will therefore start right away with the first matter on today's argument calendar to be argued United States v. Batiste 2431. Mr. Gutman. Good morning, Your Honors. May it please the Court, my name is Jeremy Gutman and I represent Appellant Brandon Batiste. I wanted to start off by talking about the condition of supervision that we think raises the most serious issue and one that the Court's decision on it, I think, will set a significant precedent. And that is the Special Condition 1, which required mental health treatment for Mr. Batiste. As imposed, it is not the same as the guidelines recommendation for a mental health treatment condition because it contains a requirement that the defendant take any medication that is prescribed. As cited in my reply brief, the Ninth Circuit and the Tenth Circuit have both recognized that a significant liberty interest is raised by imposing a requirement for the administration of psychotropic drugs without voluntary consent by the defendant. Here there was no discussion at all about why this was being imposed in this case and we would ask this Court to find, as the Ninth Circuit and the Tenth Circuit did, that such a requirement should require specific findings, medically based findings, that support the significant deprivation of constitutional liberty. Mr. Gutman, am I right that you just said that that particular aspect of the condition was not orally pronounced? No, it was orally pronounced. It was orally pronounced. It was orally pronounced but without any discussion, without any individual assessment of why it served the purposes of sentencing. And was there any, there was no objection to that at the time? There was no objection. And not only was there no objection, but your client was specifically asked whether he had any objection and if he agreed to comply with them and he said that he understood and he agreed to comply. That's correct, Your Honor. I would note, though, that this is not a case where there was prior notice. The PSR included the standard, the recommendation. Well, I understand, but doesn't this go back to the question of whether this was properly pronounced? If I'm not mistaken, and please forgive me because we have so many of these conditions of release cases that I sometimes forget which fact goes with which one. I have the same problem. But isn't this the one where, or isn't this one where the judge gave out the, emailed the conditions the night before? Is that not this case? I don't believe that's this case. So this is a case where the first notice that the defendant had was when it was orally pronounced. The PSR included the recommendation. But not the medication. The particular language that you are objecting to, the first notice he had was when it was orally pronounced. That's correct. But even so, it was orally pronounced. And counsel did not say, whoa, wait, wait a minute. We didn't know about this piece of it. And the defendant, having heard the pronouncement that it would include a requirement to take medication, said he understood, he agreed to comply, and he had no objection. That's correct, Your Honor. I would nonetheless say under the, I think it's Rosado, but the standard in a number of cases, Washington also, I believe, that where there's no prior notice, the absence of an objection. Well, but there's a difference, is there not, between a failure to object and an explicit agreement? I mean, if the, now, of course, I appreciate the point that a defendant would need to truly understand that we said he understood. And that maybe something read quickly, you know, we've all listened to the drug advertisements with their lists of side effects, that maybe it doesn't sink in. But it's always seemed to me that it's a very important thing that the judge explains something to somebody and then asks them if they agree. That's probably better, isn't it, than having it in the fine print in the back of the PSR? Well, Your Honor, I guess the reality is this was a sentencing where Mr. Baptiste was facing a range of sentencing between 30 years and life imprisonment, the focus... Yeah, I know, you know, I get... ...wasn't on special conditions. Right, but that's another thing about the special conditions, right, is that it's a reason why there so often is a waiver of objection is because it's a strategic calculation. Sometimes, I mean, as a district judge, I often had defense lawyers explicitly ask me, you know, hey, look, don't give him a prison sentence, and if you're worried about him, just have very stringent conditions of supervised release and we'll agree to anything as far as that goes because I guarantee you he's not going to get any trouble anymore. And you can guarantee that with special conditions. I mean, this is... There's a reason why there's a focus on a prison sentence that's going to last for a very long time rather than on the details of special conditions. Well, I do think that's what happens, but I would say... I mean, it's not... I think that reaching this issue under the circumstances here would serve the interests of justice. I have one last question in the same vein because I'm not so much concerned about the merits of this. I think you have a very good point there, but when you think about all the reasons why we should or shouldn't reach it, you're applying a sentence to 42 years in prison. He's in his 30s, I believe, now. How is anyone to have any idea what medications might or might not be prescribed 40 years from now? What mental health treatment he will actually need or that anyone will think he should have? Is this not something that should be dealt with in the future if, as and when, he ever is actually ordered to take any medication? And at that point, he can raise the issue that this was never properly imposed. Well, I have to say, in this case in particular, I'm somewhat struck by the somewhat empty exercise of imposing conditions because of the length of time. And I agree with Your Honour, medication, you know, there may be... So you agree that maybe it's not right for us to review? I think that it is, in a sense, that it's now being imposed and now is the time when there's a procedural... There are procedures... And he has a lawyer. ...by the statute in the court that the judge should have followed before doing this. So 40 years from now, when some different judge looks at this... Also, you probably, I'm afraid, won't be here to... You're the lawyer who knows about this. And you are... God willing, you'll be here again in 40 years. Whether you are or you aren't, you are here now, and 40 years from now, he won't necessarily have a lawyer, at least until and unless he's charged with a violation of this condition. If he's just told, you have to take the meds, and he says, well, I guess it says in the book I have to take the meds, he wouldn't necessarily have a lawyer to advise him that maybe he can choose not to. Maybe he'll have an A.I. lawyer. But I do think those are the problems that the remedy would come after the liberty has been taken. Let me ask you a separate question because I took it that your argument is that even if it were orally pronounced, there was no individualized assessment. And there was no on-the-record justification for the specific medication requirements. Is that right? That's right. And you mentioned in opening that you made that argument in your reply brief. Where did you make that in your opening brief? Why shouldn't we consider this altogether abandoned? Because all I saw was a footnote. But here we are, and this thrust of your argument is something that you embedded in a footnote. So I will confess that when I wrote the opening brief, I hadn't seen the two cases from the Ninth Circuit and the Tenth Circuit, and that shaped my... Thank you very much. It was laid out, maybe not right in the footnote, but it was in our opening brief that this was... You've got some time for rebuttal, and we'll hear from the government. Thank you very much. Thank you. May it please the Court. Good morning, Your Honors. Angel Pearl on behalf of the United States. This Court should affirm the District Court's sentence for pellet-preheated teats for the premeditated murder of Frances O'Reilly, Jr., because the District Court did not err when it imposed the conditions of supervised release. I will start with that same condition that we've been discussing, the condition for the mental health evaluation and treatment. And I want to clarify that the District Court was very careful in crafting this special condition and did not require medication to be taken. There are several conditions that must happen first before we even get there. First, as Your Honor mentioned, there's a very long prison sentence here. The District Court understood that when imposing it and knew that at this time it could not fully know what type of treatment the defendant would need when he gets out of prison. And so the thing that the condition says must first happen is that the defendant gets evaluated. There's going to be a mental health evaluation of this case some 40 years from now. If that evaluation results in a recommendation for a mental health treatment plan and if that treatment plan suggests the taking of medication, that will be recommended to probation. The probation office will then recommend a condition to the District Court, and then there will be a hearing before the District Court. Because all of that, when you look at the way the condition is drafted, it says it's all going to be approved by the court. And so we don't even get to a medication being prescribed. Wait, wait, wait, wait. Here's the way, what it says, I think. One, you must complete a mental health evaluation. You must. And any treatment program recommended by probation and approved by the court. So the treatment program is approved by the court. Does that mean more than you're going to the thus and such inpatient hospital for treatment? Would that be enough? And then that gets approved. Then you must follow the rules and regulations of that program, whatever they are. And if any medication is prescribed, you must take it as prescribed. It doesn't suggest that the judge has to approve or the probation officer, and I don't know how the judge or the probation officer could have much of an opinion about whether he should take Lexapro or Xanax or whether he should take an antipsychotic or a lithium. Whatever they prescribe, you must take it as  And then you must pay for any of that treatment based on your ability to pay. That gets recommended by probation and approved by the court. So I'm not sure I see where we have to have a hearing before he is ordered to take the meds. He can always ask, of course. But that gets to the question that he would not have an attorney's advice or a right to counsel until and unless he is charged with a violation of supervised release. If he just says, I have to take the meds as prescribed, unless he hires one after 42 years in prison with presumably not a lot of money to spend on lawyers, he does not have a right to consult counsel at that point. But this wouldn't be a modification or a violation. If what you're suggesting is that the treatment program that has to be approved by the court includes medication, that has been approved by the court. But then once that happens, he's obligated to take the medication. Maybe I'm operating under a similar confusion, but the court does not approve what medication is prescribed at any point under the terms of this condition. Is that correct? Correct. It's improving the treatment program. That's the problem before us. That's the problem that's being identified, I believe. So the treatment program gets approved by the court or disapproved by the court after the evaluation. The district judge here understood that at this point in time he would not be able to know what kind of medication if any were on. Let me ask you the following question. Very concrete. I am the person who is subject to this condition. 42 years from now, I am on supervised release. Based on the condition, I undergo mental health treatment. A psychiatrist prescribes a form of medication that I do not want. That I don't want. What is it that I can do? So at that point, it's a little unclear in your hypothetical whether or not it's been approved by the court already. Assume that the treatment program has been approved by the court and I'm meeting with the psychiatrist and the psychiatrist prescribes medication I've never heard of that I think is going to be hurtful to me in some way and that otherwise invades my privacy. So I think we're operating on the assumption that the treatment program that was presented and approved by the court did not specify whether or not a medication would be required and was leaving that up to the discretion of the treatment provider or maybe it wasn't discussed at all. That's embedded in the condition. Maybe that's my question. It seems to be part of the condition that you will be subject to a program that I approve as the judge and if any medication is prescribed you must take it as prescribed. It doesn't suggest what the psychiatrist can or can't do. It just says if that psychiatrist is part of this treatment program prescribes medication, you must take it. But you seem to understand it differently which concerns me because then there's some real ambiguity that might harm the defendant here. But why would that be there? What if the mental health treatment is see a psychiatrist, a medical doctor who is authorized to prescribe medication by virtue of his license, see this psychiatrist three times a week and after a month of treatment the shrink says, well, you know, talk therapy is nice but I think you really benefit from this drug and I'm prescribing it for you. Here, take this down to your pharmacist and you can get it. Is he not obliged by these terms to take that medication? He can't just throw the prescription away. You could if you're a psychiatrist, if you had one, prescribes a medication or any other doctor prescribes a medication if you think, I don't really need this. I go to the dentist, have a tooth pulled and he gives me a prescription for opiates to take care of the pain. I get home and I take two aspirins and I feel fine. I never spill the prescription. If I spilled it, I throw them out. I'm entitled, that's my right. I don't have to take the drugs. But he would have to take the drugs that the doctor prescribes. Well, do you would you have, does the government object, would the government object to a remand that asks or directs the district court to clarify that this means, what the government thinks it means, which is that the court has to approve the medication and direct the defendant to take it before he could be found in violation of the conditions. No, I don't think that is necessary at all. So then, if you don't actually interpret it to mean that, because if you thought that's what it meant, you couldn't possibly have any objection to having that spelled out in the condition itself, right, in the judgment. I mean, there's no harm in having it specified. Well, if there's no harm in it, what's the government's objection to sending it back for the district court to write that in? Because it's not required, it's not necessary here. The condition is already clear enough for the defendant to know that this has to be approved by the court, and if something changes in the treatment program that he doesn't like, he always has the opportunity to go back before the district court. The district court crafted this condition specifically multiple times saying, as approved by the court. The district court anticipated the district court in the future, whether this judge or another judge, would have an active role here. There were several times, I think two times in this case, where the judge said, as approved by the court. This is not something that there was a Yeah, but I can say in a condition that this has to be approved by the court, and that has to be approved by the court, and then if I say, and there's also a third thing, and I don't say that that has to be approved by the court, you're saying it's crystal clear that the judge wants everything approved by the court. Well, in the mental health treatment program, any type of drug being prescribed as part of that treatment program is still part of the program that the judge has to approve. If the provider or probation office is significantly changing this treatment program, that's something that the court must approve. They can't make significant changes without going back to the judge to get approval. So if the doctor prescribes drug A, and the defendant says, okay, I'll give that a try, and it doesn't seem to be working well, he doesn't like the side effects, the doctor doesn't think it's really helping him, and the doctor changes the drug, that has to be approved by the court, the changed prescription? Yes? Yes, that would be a change in the treatment program, and you think that is clear, is so clear from this condition of probation, that we'd better not tell the court below that that's what it means, or that's what it has to mean, or that he should clarify, I don't remember who the judge was, should clarify this, Judge Williams, that he should change this to make that very explicit. The government objects to that being done. Your Honor, we don't object, we just don't think it's necessary. We do think that the way it's written does show that it has to be approved by the court. Is there anything we can say in the course of deciding the appeal that would address this apparent problem? Your Honor, I'm not sure I understand the question. We're talking about can we clarify the question, is it clear, can we clarify it, rather than sending it back to the district court to clarify it? Yes, Your Honor, if this court believes that it's unclear about what needs to be approved by the court, yes, this court can direct the district court. So you don't mind if we put in our summary order that does not appear in Westlaw, in the volume of the F-4th, that I'm sure the petitioner that was in F-4th would have that available to him when he gets out of prison. But if we put this in an unpublished summary order, that this is what this condition means, that 42 years from now, when the guy gets out of prison and gets prescribed a drug, he will know, probation will know, everyone will know what it is. But you still object to our sending it back to have that written into the judgment, which clearly the probation officer at that time, if there are probation officers and not robots, as Judge Sack points out, would clearly be able, maybe the robot would be better at noticing this, if this is in the actual judgment. But you object to putting it in the judgment. Your Honor, I'm not objecting to anything being put in the judgment. I'm saying it's not necessary. And either way, if this court wants to put it in an unpublished opinion or direct me to the district court to do it, I don't think either of those things are necessary. I think that the condition as written is very clear when it comes to what needs to be approved by the court. I do want to pick up on the issue about this being an issue that was raised for the first time in the reply brief. There were no cases cited on this issue whatsoever in the opening brief. It was not objected to in the district court. This is something that was raised for the very first time in the reply brief. I don't necessarily disagree with that, but let's say that there was a real ambiguity in the condition. And let's say you acknowledge the ambiguity and thought that the judgment should be amended to fix the ambiguity. Even if it were abandoned, wouldn't it be the right thing to try to fix that ambiguity in a way that inures to the benefit not only of Mr. Batiste, but also of the courts? Your Honor, if there was an agreement, if there was an agreement, yes. Thank you so much. So we'll hear from Mr. Guttman. Honorable Butler. I don't have too much to say. I think this has been a very, it's very important to understand the issue. Well, this is the utility of not having artificial intelligence judges. I have this concern also, another of the special conditions about substance abuse treatment, that I think there is the inclusion of something about approval by the court is somewhat more superficial than it sounds. Is there anything that the court says that that condition applies that would not be true anyway, which is if it just said you have to have substance abuse treatment, that would not authorize by our precedents a requirement by the probation office that it be inpatient treatment without court approval. This condition says you shall have, you need to have substance abuse treatment, and that could be inpatient treatment if it is approved by probation and the court. How is that different from if it didn't say anything at all about inpatient treatment? Well, I think, I mean, the concern I have, and this is, I guess I would just suggest this, that if there is a remand, the important thing from my perspective is that some criteria for imposing a restriction on liberty. Well, wait, though. If it said, if it just said, I mean, is there any authority for the proposition that if the condition said you shall have, you must have substance abuse treatment, period, full stop. And we all understand that that means that if the probation officer decides, wait, this guy's not doing very well on outpatient treatment, he should have inpatient treatment, and he comes back to the court and says we think he should have inpatient treatment. Is there anything in our precedence that says that the original judge back at the time of sentencing 42 years ago needs to have specified criteria for the second judge to follow in deciding whether to approve that inpatient treatment? I think my concern is that at this phase of sentencing there's a very clear set of procedural requirements I guess the most pertinent of which is this involves no greater deprivation. But this doesn't deprive him of anything at all. It says you shall accept that the only liberty he's taken away from him is that he can't refuse to have some kind of substance abuse treatment. That's the only thing that this imposes, because if it is anything more than outpatient treatment, it has to come back to the court and be approved before he's obligated to do it. I think that's right. I guess I still have the concern that the discretion of the court at that point it's not clear what the boundaries I just have one last question and then I'm done for sure. There are only four conditions of supervised release that you are objecting to. The mental health, the substance abuse, the search condition and the restitution payment condition. Thank you. Well that was an easy question. Thank you very much. We'll reserve the decision.